CONSUELO PÉREZ, Petitioner, v. DISTRICT COURT OF SAN JUAN, Respondent.

No. 606. Argued March 26, 1928.—Decided February 12, 1929.

*Juan B. Soto* for the petitioner.  *Salvador Suau* for the defendant.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Consuelo Pérez, as administratrix of the estate of Rose B. Wilkinson, brought an action in the District Court of San Juan against Successors of Manuel Pérez & Co. to recover twenty thousand dollars as damages. It was alleged that Rose B. Wilkinson died as a result of the injuries received in a collision with a truck of the defendants negligently driven, and that the heirs are the following persons, all of adult age: Erma Romaine Shellemberger, Wenona Wilkinson, Ruth Hawthorne and Margary Beans.

The defendants made several motions and then filed a demurrer. One of the grounds of demurrer was that "the plaintiff lacks legal capacity to sue." After having been argued fully it was sustained by the district court and the plaintiff was allowed ten days in which to amend the complaint by an order of October 22, 1927.

At this stage, on the 7th of the following November the defendants moved the court for a judgment holding that the plaintiff had abandoned her action, inasmuch as she had not exercised the right granted her to amend her complaint. The court took no immediate action.

On November 22, 1927, the plaintiff appeared and moved the court that as it had sustained the demurrer for lack of capacity, she prayed it to render the consequent judgment so that she might appeal.

On the 6th of the following December the defendants appeared again and repeated their motion of November 7

for judgment for abandonment and dismissal of the action.

On December 8, 1927, the district court rendered a judgment which reads in part as follows:

"WHEREAS: On October 22, 1927, this court sustained the demurrer for lack of the plaintifff's legal capacity to sue and allowed her ten days in which to amend her complaint;

"WHEREAS: Notice of that ruling was given to the plaintiff on October 25, 1927, and up to this date she has not filed her amended complaint;

"THEREFORE: In view of the motion of the defendants of November 8, 1927, and considering that the time granted to the plaintiff to amend her complaint has expired and she has not done so nor asked for an extension of time, the court sustains the motion of the defendants and renders judgment holding that the plaintiff has abandoned her action and ordering its dismissal with costs against the plaintiff."

On January 4, 1928, the plaintiff appealed from that judgment to this court and on the 14th of the same month moved the district court for a reconsideration of its judgment of December 8, 1927. It may be well to transcribe the grounds of her motion:

"That on October 29, 1927, this court sustained the demurrer for lack of legal capacity to sue filed by the defendants.

"That later, or on November 23, 1927, the plaintiff moved this court for a judgment on the merits of the case for the purposes of appeal.

"That on December 8, 1927, without having decided the plaintiff's motion, this court dismissed the case at the instance of the defendants.

"Therefore, the plaintiff now moves this court to reconsider its judgment of December 8, 1927, dismissing the case and rule on the motion of the plaintiff by rendering judgment on the merits of the case so that the plaintiff may take the corresponding appeal."

On February 10, 1928, the district court disposed of the motion to reconsider in the sense that as the term in which its judgment was rendered had expired, it had no authority to change it in the manner requested by the plaintiff.

The plaintiff then instituted in this court the present certiorari proceeding, in which the defendants in the action

for damages have appeared in opposition to the claims of the plaintiff.

In her brief the petitioner argues ardently the question of merit involved, that is, whether or not the administratrix has capacity to bring the action. The defendants in the action, on the contrary, insist that the petitioner can not discuss this question because it would amount to a substitution of the appeal which she voluntarily abandoned by the remedy of certiorari which lies only for reviewing jurisdictional or procedural questions.

We have stated the facts as they appear from the original record brought up to this court by virtue of the writ of certiorari.

The reason of the district court for refusing to reconsider its judgment holding that the plaintiff had abandoned her action was its belief that it had lost its jurisdiction by reason of the expiration of the term in which the judgment had been rendered.

We do not agree. Although the motion of the plaintiff is called a motion to reconsider and although section 140 of the Code of Civil Procedure is not cited in it, there is no doubt that the deduction from it is that the power which the court was asked to exercise was the power conferred by that section. The district court itself stated in overruling the motion to reconsider that when its judgment for abandonment was rendered it had no knowledge of the existence of the plaintiff's motion that, as the demurrer had been decided against her, the court should render judgment so that she might appeal. A clearer case of inadvertence can not be found.

Limiting ourselves in this certiorari proceeding to guaranteeing the defense of all the rights involved, it seems proper that this court should set aside the order of the district court of February 10, 1928, by virtue of which it overruled the plaintiff's motion to reconsider and remand the case to that court so that in deciding that motion it may reconsider and vacate its judgment for abandonment of December 8, 1928,

and render the judgment moved for by the plaintiff on November 22, 1927.

Mr. Justice Wolf dissented.

### DISSENTING OPINION OF MR. JUSTICE WOLF

The defendant moved for a judgment for abandonment, when there was still pending a motion for a judgment to permit the plaintiff to review the action of the court in sustaining a demurrer to the complaint. The court overlooked or ignored the motion of the plaintiff and rendered judgment for the defendant on the ground of abandonment. As against the plaintiff this action was a final judgment. The plaintiff therefore had a right to appeal and to show this court that the judgment for abandonment was improvidently or prematurely rendered. She did not appeal and her failure to do so is one obstacle to any action by this court on a writ of certiorari.

Perhaps the plaintiff did well and was well within her rights to ask the court to reconsider or set aside its judgment. The motion might perhaps be considered, as the majority opinion suggests, a proceeding under section 140 of the Code of Civil Procedure, always discretional, but the motion more properly is to be considered a right in the plaintiff which the court should have granted in order not to persist in its error. The court overruled the motion on a totally erroneous ground. Now, as the judgment was not responsive to the motion made by the plaintiff, a motion to reconsider or set aside was for a matter not directly included in or considered by the court in rendering its judgment. Hence the order rendered was one after judgment. Literally any order dated after the judgment is an order after the judgment. The exclusion or exception is for matters directly included in the judgment, like weighing the evidence or acting upon a demurrer. As the court in no way considered the motion of the plaintiff, the judgment rendered did not fall within the exception that matters considered by the judgment

126

can only be reversed by an appeal from such judgment. The plaintiff had two opportunities to appeal and did not avail herself of either of them.

Therefore the petitioner had no right to invoke an extraordinary remedy unless there was some special reason to distinguish her case from any other failure to appeal. Otherwise it would amount to a universal rule that a party who fails to take advantage of his right to appeal may, without showing anything extraordinary, invoke our extraordinary powers. The jurisprudence is clear to the effect that a writ of certiorari can not be used as a substitute for an appeal. *Viejo* v. *District Court,* 34 P.R.R. 795; *Miranda* v. *Municipal Court,* 36 P.R.R. 780; *Guevara* v. *District Court,* 37 P.R.R. 888.

The writ should have been quashed.